

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*            *973/645-2700*
*Newark, NJ 07102*

ADK/LJW/PL AGR
2007R00050

November 10, 2010

David Holman, Esq.
Federal Public Defender's Office
1002 Broad Street
Newark, New Jersey 07102

Re:  Plea Agreement with Mohamed Alessa – *Cr. //-/33*

Dear Mr. Holman:

This letter sets forth the plea agreement between your client, Mohamed Alessa, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Mohamed Alessa to a one-count information, which charges that the defendant conspired within the United States to murder individuals outside the United States, in violation of 18 U.S.C. § 956(a)(1). If Mohamed Alessa enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Mohamed Alessa for: (1) conspiring to murder, kidnap, and maim individuals outside the United States from October 2006 through June 5, 2010; and (2) providing material support to a foreign terrorist organization, namely Al Shabaab, or conspiring or attempting to do so, from January 2010 through June 5, 2010. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Mohamed Alessa may be commenced against him, notwithstanding the expiration of the limitations period after Mohamed Alessa signs the agreement.

Sentencing

The violation of 18 U.S.C. § 956(a)(1) to which Mohamed Alessa agrees to plead guilty carries a statutory maximum sentence of life imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Mohamed Alessa is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Mohamed Alessa ultimately will receive.

Further, in addition to imposing any other penalty on Mohamed Alessa, the sentencing judge: (1) will order Mohamed Alessa to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Mohamed Alessa to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) must order forfeiture, pursuant to 18 U.S.C. § 982; and (4) pursuant to 18 U.S.C. § 3583, may require Mohamed Alessa to serve a term of supervised release of not more than five years, which will begin at the expiration of any term of imprisonment imposed. Should Mohamed Alessa be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Mohamed Alessa may be sentenced to not more than five years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Mohamed Alessa by the

- 2 -

sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Mohamed Alessa's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Mohamed Alessa agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Mohamed Alessa from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Mohamed Alessa waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

- 3 -

Forfeiture

Pursuant to 18 U.S.C. §§ 981(a)(1)(G)(iii) and 28 U.S.C. § 2461, the defendant agrees to forfeit any claim or interest he may have or hereafter acquire in the following property in the custody of the United States on the ground that it was involved in, used, and intended to be used to commit a federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States:

> 1. $3,009 (U.S. currency), which amount was seized by the Federal Bureau of Investigation from the defendant's checked luggage (more specifically, a camouflage colored knapsack) that the defendant brought to John F. Kennedy International Airport on or about June 5, 2010.

> 2. Any and all U.S. currency that the defendant provided to an individual he knew as "Basem" as reimbursement for payment of gym membership dues and initiation fees attributable to the defendant.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

- 4 -

Other Provisions

       This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

       This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mohamed Alessa. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Mohamed Alessa.

No Other Promises

       This agreement constitutes the plea agreement between Mohamed Alessa and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                Very truly yours,

                PAUL J. FISHMAN
                United States Attorney

                By: ANDREW KOGAN
                   L. JUDSON WELLE
                  Assistant U.S. Attorneys

APPROVED:

Michael Hammer, Chief
National Security Unit

- 5 -

I have received this letter from my attorney, David Holman, Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, forfeiture, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:


_____          Date: 12 - 15 - 10
Mohamed Alessa


I have discussed with my client this letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, forfeiture, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.


_____          Date: 12 .15.10
David Holman, Esq.

                                   3|9/11


- 6 -

### Plea Agreement With Mohamed Alessa

### Schedule A

1.    This Office and Mohamed Alessa recognize that the United States Sentencing Guidelines are not binding upon the Court.   This Office and Mohamed Alessa nevertheless agree to the stipulations set forth herein.   This Office and Mohamed Alessa further agree that neither party will argue for the imposition of a sentence or pursue any appeal, post-sentence motion, or collateral attack of the sentence contrary to the terms of this agreement.

2.    The version of the United States Sentencing Guidelines effective November 1, 2010 applies in this case.   The applicable guideline is U.S.S.G. § 2A1.5.   This guideline carries a Base Offense Level of 33.

3.    The parties agree that the offense involved or was intended to promote a federal crime of terrorism.   Therefore, the parties agree that U.S.S.G. § 3A1.4 applies to the instant offense.   Accordingly, the offense level is increased 12 levels and the defendant's criminal history category becomes category VI.

4.    As of the date of this letter, Mohamed Alessa has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.   Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Mohamed Alessa's acceptance of responsibility continues through the date of sentencing.   See U.S.S.G. § 3E1.1(a).

5.    As of the date of this letter, Mohamed Alessa has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.   If Mohamed Alessa enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Mohamed Alessa's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Mohamed Alessa will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

6.   In accordance with the above, the parties agree that the total Guidelines offense level applicable to Mohamed Alessa is 42 (the "agreed total Guidelines offense level") and the criminal history category is VI, resulting in an advisory Guidelines range of 360 months to life imprisonment.

7.   The parties agree not to seek or argue for any adjustments or departures under the United States Sentencing Guidelines not identified herein.

8.   The government agrees not to seek or argue for a sentence that includes more than thirty (30) years' imprisonment.

9.   The defendant retains his right to argue at sentencing for a variance below the range referenced in paragraph 6, subject to the following limitations:

> (a)   The defendant agrees not to seek or argue for a sentence that includes less than fifteen (15) years' imprisonment; and

> (b)   The defendant agrees not to argue for any adjustment, departure, or variance below the range referenced in paragraph 6 that challenges any feature of either U.S.S.G. § 2A1.5 or U.S.S.G. § 3A1.4 on any ground, whether substantive or procedural.

10.   Mohamed Alessa knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if the Court sentences the defendant to a term of imprisonment of thirty (30) years or less.   This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if the Court sentences the defendant to a term of imprisonment of fifteen (15) years or more.   The defendant further agrees that, regardless of the term of imprisonment imposed by the sentencing court, the defendant shall not in any post-sentence motion, appeal, or collateral proceeding allege that the sentencing court erred in failing to find a substantive or procedural defect in the adoption or amendment of either U.S.S.G. § 2A1.5 or U.S.S.G. § 3A1.4.   The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.   Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file

- 8 -

an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.